UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br>Plaintiffs,<br>v.<br>INFLECTION RISK SOLUTIONS, LLC,<br>Defendant. | Case No. 26-cv-10976-AGT<br><br>**ORDER ON MOTION FOR LEAVE TO PROCEED UNDER PSEUDO-NYMS**<br><br>Re: Dkt. No. 2 |

Plaintiffs seek leave to proceed under pseudonyms. Dkt. 2. The Court grants their request, without prejudice to revisiting the issue at a later date.

Parties must typically use their real names in litigation. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). However, a party may proceed under a pseudonym "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). One situation where pseudonyms may be appropriate is when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature." *Id.* (citation omitted).

Plaintiffs' criminal records have been sealed under Pennsylvania law; they allege that Defendant unlawfully disclosed these records in reports to potential landlords. Dkt. 2 at 2. Plaintiffs argue that without pseudonyms, their sealed criminal history will be publicly tied to them. *Id.* Plaintiffs fear that they'll be stigmatized due to this disclosure and suffer

economic and reputational harm. *Id.* They also say that litigating this case under their true names would perpetuate their alleged injury and force them to give up the benefits of a sealed record. *Id.*

The Court isn't entirely convinced that pseudonymity is appropriate here. On one hand, the kind of economic and reputational harm that Plaintiffs raise may not sufficiently justify the use of pseudonyms under Ninth Circuit law. Plaintiffs cite no Ninth Circuit precedent permitting pseudonyms in a case involving this kind of disclosure of criminal history; in at least one case, a district court within the Circuit has denied a similar request. *Doe v. Rentgrow, Inc.*, Case No. 2:23-cv-00860-ART-EJY, 2023 WL 6541998 (D. Nev. Aug. 3, 2023) (denying motion to proceed under pseudonym in case alleging disclosure of expunged conviction in a tenant screening report).

On the other hand, however, courts within this district have recognized that "the most compelling situations" for use of a pseudonym include those where "the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *In re Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO, 2025 WL 807954, at *1 (N.D. Cal. Mar. 12, 2025). Similarly, "[r]equiring plaintiffs who seek to vindicate their privacy rights to publicly link their names to the information they seek to protect – allegedly sensitive information that has not already been widely disclosed – is against the public interest, as it could dissuade plaintiffs from bringing privacy cases." *Id.* at *2. Both of these concerns are implicated here. More practically, the use of pseudonyms likely won't prejudice Defendant, because Plaintiffs intend to disclose their identities to Defendant under a protective order. Dkt. 2 at 6.

/ / /

The Court concludes that the balance of factors tips in Plaintiffs' favor at this stage of the case. If Defendant wishes to raise the issue after it appears, the Court will reconsider it with the benefit of adversarial briefing. Alternatively, the parties might reach agreement on this issue or another mechanism, such as a protective order, that adequately addresses Plaintiffs' privacy concerns. Plaintiffs' motion is therefore granted, without prejudice to the issue being raised later.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Alex G. Tse
United States Magistrate Judge